**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMIR ANDREWS,<br><br>                    Plaintiff,<br><br>v.<br><br>GOVERNOR CHRIS CHRISTIE, *et al.*,<br><br>                    Defendants. | Civil Action No. 19-21277 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff's request (ECF No. 9) to vacate this Court's February 2021 order administratively terminating this matter for Plaintiff's failure to update his address. (*See* ECF No. 7.) By way of background, Plaintiff filed his complaint in this matter in December 2019. (ECF No. 1.) He thereafter filed a motion and correspondence in December 2019, but made no further filings after December 2019. (ECF Docket Sheet.) In June 2020, Judge Arpert denied Plaintiff's motion seeking the appointment of counsel. (ECF No. 5.) When that order was mailed to Plaintiff's last known address, it was returned as undeliverable as Plaintiff was no longer at that address. (ECF Docket Sheet.) Despite the passage of a further six months, Plaintiff did not update his address as he was required to do under Local Civil Rule 10.1. *See* L. Civ. R. 10.1(a) (even *pro se* parties are required to "advise the Court of any change in their or their attorney's address within seven days . . . by filing a notice of said change with the Clerk"); *see also Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015) (failure to comply with Rule 10.1 warrants sanctions, potentially up to the dismissal of the complaint).

This Court therefore ordered that Plaintiff's complaint be administratively terminated, and directed that Plaintiff update the Court as to his address within thirty days. (ECF No. 7.) Plaintiff was further advised that failure to meet this deadline could result in the dismissal of his complaint without prejudice. (*Id.*)

Nearly two years passed before Plaintiff showed any interest in pursuing this matter. It was not until December 2022 that Plaintiff returned to seek an update as to the status of this matter. (ECF No. 8.) He thereafter filed his current motion on December 30, 2022, requesting that the Court vacate the administrative termination and reopen the matter. (ECF No. 9.) In his motion, Plaintiff states that he contracted COVID-19 in May 2020, was thereafter released from prison on May 20, 2020, "had trouble finding housing", and did not have a stable address until he "was reincarcerated on October 8, 2021." (ECF No. 9-1 at 1-2.) Plaintiff does not explain why he could not have filed *something* updating the Court as to his address in the interim, nor does he in any way explain why he could not have updated the Court between his reincarceration in October 2021 and filing his motion well over a year later in December 2022. (*Id.*) Plaintiff's own explanation thus does little to show any earnestness on his part, and instead suggests that Plaintiff was dilatory and made no efforts to press his claims until he finally decided to seek an update over two years after the termination of this matter.

As explained above, civil plaintiffs, even those acting *pro* se, are under an affirmative duty to keep the Court updated as to their addresses and are likewise affirmatively required to be at least reasonably diligent in pursuing their claims. *Archie*, 2015 WL 333299, at *1; *see also* Fed. R. Civ. P. 41(b) (court may dismiss a case on the merits for failure to prosecute a claim or comply with a court order within a reasonable time). Where a district court finds a party has failed to live up to its obligations, the court must consider the six factors announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 869 (3d Cir. 1984), in determining the appropriate sanction up to

2

and including dismissal. *See Parks v. Ingersoll*, 380 F. App'x 190, 194 (3d Cir. 2010) (as to Rule 41(b); *Archie*, 2015 WL 333299, at *1 (as to Local Civil Rule 10.1)). Those factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders . . .; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*N'Jai v. Floyd*, 296 F. App'x 266, 268 (3d Cir. 2008) (quoting *Poulis*, 747 F.2d at 868). Dismissal of a complaint "is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Id.* at 267 (quoting *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982)); *See also Archie*, 2015 WL 333299, at *2-3 (dismissal should be imposed only when warranted under *Poulis* factors).

In this case, it appears that Plaintiff is entirely responsible for this matter never progressing beyond the starting line. Plaintiff made no efforts to update the Court as to his release or address, or difficulty finding an address, following his release from prison. Plaintiff similarly made no effort to update the Court once he was again in custody. Indeed, Plaintiff's actions show that he waited more than two years after his release from prison before even inquiring as to the status of his long abandoned civil claim. Thus, both the first and third *Poulis* factors weigh in favor of the imposition of the harsh sanction of dismissal. The second factor likewise supports sanctions as the prejudice to adversarial parties is obvious. Several years of delay during which Defendants have been provided no notice or opportunity to prepare or investigate the claims Plaintiff initially presented will almost certainly delay or hamper any future discovery. Although the question of willfulness or bad faith is not abundantly clear, that Plaintiff waited so long before inquiring as to his case and showed no interest in this matter for several years is not indicative of good faith or simple mistake. Consequently, the fourth factor is at best neutral and at worst provides further

3

support for the sanction of dismissal. Given the long period Plaintiff waited, which was more than sufficient time for the statute of limitations on Plaintiff's claims to have long since expired, and the fact that administrative termination did not sufficiently address Plaintiff's delay in the past, the Court is aware of no sanction short of dismissal that will address Plaintiff's dilatory history in this matter. Thus, even assuming that Plaintiff's claims have at least arguable merit, four of the *Poulis* factors weigh strongly in favor of dismissal and one factor is, at best, of no benefit to Plaintiff.

Given the record currently before the Court and Plaintiff's significantly tardy attempts to revive this matter, this Court finds no basis to reopen this matter, and instead finds that the sanction of dismissal is warranted. Plaintiff's motion to vacate shall therefore be denied, and this matter shall be dismissed without prejudice for lack of prosecution. An appropriate order follows.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**